# COUNTY OF MILWAUKEE, Petitioner-Appellant,

## v.

## State of Wisconsin, LABOR & INDUSTRY REVIEW COMMISSION, Respondent.†

Court of Appeals

*No. 87–0727. Submitted on briefs August 26, 1987.—Decided November 24, 1987.*

(Also reported in 418 N.W.2d 35.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *George E. Rice,* acting corporation counsel, with *John Jorgenson,* assistant corporation counsel of counsel, of Milwaukee.

For the respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *David C. Rice,* assistant attorney general of counsel, of Madison.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

WEDEMEYER, J. Milwaukee County appeals from the circuit court's order dismissing its action for ch. 227, Stats., review of a decision of the Labor and Industry Review Commission (LIRC). The issue on appeal is whether a circuit court has subject matter jurisdiction in a ch. 227 review proceeding if the petitioner fails to serve all parties to the administrative action within thirty days after institution of the proceeding. Because strict compliance with the service requirements of sec. 227.53, Stats., is essential to properly invoke the circuit court's subject matter jurisdiction, we affirm the circuit court's order dis-

missing the petition for Milwaukee county's failure to properly serve all the parties.

Raymond Lopez, Larry Gene Greenhill, and Sherman Moore filed complaints with the Equal Rights Division of the Department of Industry, Labor and Human Relations, alleging that Milwaukee county had discriminated against them in violation of the Wisconsin Fair Employment Act. On November 4, 1986, LIRC issued a decision adverse to Milwaukee county.

The county filed a petition for review in circuit court and timely served a copy on LIRC by certified mail. By regular mail, the county served Jeff Scott Olson, the attorney for the complainants. The complainants moved the circuit court to dismiss the petition for review because the county had not served them personally or by certified mail within thirty days after institution of the proceeding as required by sec. 227.53(1)(c), Stats.

The specific question before us on appeal is whether the circuit court's jurisdiction is invoked in a proceeding under ch. 227, Stats., where the agency is properly served, but a copy of the petition for review is not served within thirty days after instituting the proceeding upon all parties who appeared before the agency in the administrative action.

"Construction of a statute in relation to a particular set of facts is a question of law." *State v. Clausen,* 105 Wis. 2d 231, 243, 313 N.W.2d 819, 825 (1982). We decide questions of law without deference to the lower court's decision. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Section 227.53(1), Stats., provides, in part:

any person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review thereof as provided in this chapter.

(a) Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48.

Section 227.53(1)(c), Stats., provides that:

Copies of the petition shall be served, personally or by certified mail, or, when service is timely admitted in writing, by first class mail, not later than 30 days after the institution of the proceeding, upon all parties who appeared before the agency in the proceeding in which the order sought to be reviewed was made.

Milwaukee county argues that its failure to properly serve the individual complainants had no effect on the circuit court's subject matter jurisdiction. According to the county, service on parties other than the agency is not among the procedural steps required to *institute* circuit court review and, therefore, service on the additional parties is not a condition precedent to invocation of the court's subject matter jurisdiction. Milwaukee county relies on *Hamilton v. DILHR,* 56 Wis. 2d 673, 687, 203 N.W.2d 7, 14 (1973), for the proposition that subject matter jurisdiction attaches immediately after the petition is served on the agency and filed in the circuit court. However, this aspect of *Hamilton* was effectively, if not expressly, overruled

by *Cudahy v. Department of Revenue,* 66 Wis. 2d 253, 261–62, 224 N.W.2d 570, 574 (1974) and *Wisconsin's Environmental Decade, Inc. v. Public Service Commission,* 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978).

In *Wisconsin's Environmental Decade,* Wisconsin's Environmental Decade, Inc. (WED) petitioned for ch. 227, Stats., review of a Public Service Commission (PSC) decision granting a rate increase to Madison Gas & Electric Company. The PSC moved for dismissal of the petition pursuant to sec. 227.16(1)(c), Stats.,[1] on the ground that WED had not served the petition on all persons who had appeared in the administrative proceeding.

WED argued, as Milwaukee county does here, that service of the parties under 227.16(1)(c), Stats., was not necessary to invoke the circuit court's subject matter jurisdiction because subject matter jurisdiction is invoked by institution of the proceeding, i.e., serving the petition on the agency and filing it in circuit court. The supreme court rejected WED's position, holding that the sequence of procedure providing for service of the parties after institution of the review proceeding did "not make compliance with the statutory service requirements any less essential to the court's jurisdiction." *Wisconsin's Envtl. Decade,* 84 Wis. 2d at 512, 267 N.W.2d at 615.

Strict compliance with the service requirements of sec. 227.53(1)(c), Stats., is essential to the circuit court's subject matter jurisdiction. *Id.* at 515, 267 N.W.2d at 616; *Cudahy,* 66 Wis. 2d at 259–60, 224 N.W.2d at 573. A petitioner's failure to serve nonagen-

---

[1]Section 227.16(1)(c), Stats. (1983–84) was renumbered as sec. 227.53(1)(c), Stats. (1985–86). Sec. 37, 1985 Wis. Act 182.

cy parties prevents the circuit court from acquiring subject matter jurisdiction. *See Wisconsin's Envtl. Decade,* 84 Wis. 2d at 515, 267 N.W.2d at 616.

Milwaukee county argues alternatively that, due to special circumstances, the circuit court should have held that it had jurisdiction, despite the county's failure to strictly comply with sec. 227.53(1)(c), Stats. In a review of a condemnation proceeding, the supreme court has held that when service of notice of circuit court review is made on the attorney who represented a party in the administrative proceeding and where "special circumstances" are present, the circuit court has jurisdiction to proceed. *Gangler v. Wisconsin Elec. Power Co.,* 110 Wis. 2d 649, 658, 329 N.W.2d 186, 190 (1983). The special circumstances raised by the county in this case are: (1) the death of its attorney within the thirty-day period after institution of the proceeding; and (2) Olson's continuous representation of the complainants throughout the administrative and the circuit court proceedings.

Once an action has begun, service of papers may be made upon an attorney who has appeared in the action on behalf of a party. *Id.* at 657, 329 N.W.2d at 190. An attorney, however, is not authorized by general principles of agency to accept, on behalf of a client, service of process commencing an action.[2] *Id.* An attorney's appointment may expressly include that authorization, but authority to accept service of

---

[2]Filing of a petition for review pursuant to ch. 227, Stats., signals the commencement rather than the continuation of an action, because the earlier proceedings between the parties were administrative, not judicial. *See Gangler,* 110 Wis. 2d at 657, 329 N.W.2d at 190 (1983).

progress is not readily implied. *Id.* Continuing representation *per se* is insufficient to satisfy the special circumstances requirement. *Id.* at 659, 329 N.W.2d at 191. Special circumstances are limited to actions clearly establishing that the attorney was expressly authorized to act as an agent for the party to be served. *Id.* at 658, 329 N.W.2d at 190.

The death of Milwaukee county's attorney is not the kind of circumstance that would allow the county to serve Olson, rather than the complainants. Because the county served a copy of the petition for review on Olson instead of the complainants, and because there were no special circumstances establishing that Olson was authorized to act as agent for the complainants in accepting service, we hold that the circuit court correctly dismissed the proceeding.

In conclusion, we note that even if Olson had been authorized to accept service, there was still lack of compliance with sec. 227.53(1)(c), Stats., because Olson was served by regular mail. Section 227.53(1)(c), Stats., requires personal service or service by certified mail.

*By the Court.*—Order affirmed.