SOO LINE RAILROAD COMPANY, Petitioner-Appellant,

v.

DEPARTMENT OF REVENUE of Wisconsin, Respondent.

Court of Appeals

*No. 87–1281. Submitted on briefs March 4, 1988.—Decided March 17, 1988.*

(Also reported in 422 N.W.2d 900.)

For the petitioner-appellant the cause was submitted on the briefs of *Glenn Olander-Quamme* of Minneapolis, MN, and *James W. Greer, Jr.,* and *Ruthann M. Riedl,* of *Whyte & Hirschboeck, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Gerald S. Wilcox,* assistant attorney general.

Before Dykman, Eich and Sundby, JJ.

SUNDBY, J.   Soo Line Railroad Company appeals an order dismissing its petition for review of a June 19, 1986 decision and order of the state tax appeals commission. The circuit court concluded it lacked subject matter jurisdiction over the petition because it was not timely filed with the clerk of courts and not timely served on the department or commission as required by sec. 227.53(1), Stats. Because the commission's decision and order was made in the course of an existing judicial proceeding to review a prior order of the commission, sec. 227.53(1) did not apply. We conclude that the circuit court had jurisdiction to review the commission's order of June 19, 1986. We therefore reverse.

I.

In April 1977, the department issued Soo Line a notice of deficiency relative to its 1972 car line tax. Soo Line petitioned the circuit court pursuant to sec. 227.16(1), Stats. (1979–80), to review the commission's affirmance of the department's denial of Soo Line's petition for redetermination. In June 1985, the circuit

court remanded the case to the commission pursuant to sec. 227.19(1), Stats. (1983–84), to consider additional evidence. By its order of June 19, 1986, the commission affirmed its prior decision.

On July 18, 1986, Soo Line served on the department a copy of its petition for review of the commission's June 19 order and decision. On that day it mailed the petition to the clerk of court for filing. The parties dispute whether the petition was filed on July 21 or July 22. On August 11, Soo Line served the petition on the commission by certified mail. That service was not timely under sec. 227.53(1)(a), Stats.

## II.

Soo Line concedes that if sec. 227.53(1)(a), Stats., governs, its failure to timely serve the commission with a copy of its petition for review deprived the circuit court of subject matter jurisdiction of the petition. *Johnsonville Sausage v. Revenue Dept.,* 113 Wis. 2d 7, 9, 334 N.W.2d 269, 270 (Ct. App. 1983). However, it contends sec. 227.53(1)(a) does not apply. We agree.

Section 227.53(1)(a), Stats., prescribes how a proceeding for judicial review of an agency decision shall be instituted. A petition therefor shall be served on the agency or one of its officials personally or by certified mail and filed with the clerk of circuit court within thirty days after service of the decision of the agency upon the parties. It is conceded that the proceeding to review the commission's 1979 decision was properly instituted.

In that proceeding, the circuit court, on June 26, 1985 ordered:

Pursuant to Wis. Stats. Sec. 227.19(1), Petitioner has presented material evidence to this Court which was unavailable at the time of the Commission proceedings. Petitioner and Respondent submitted a Stipulation of Facts on March 19, 1985, concerning the 1981 settlement of a dispute between the Respondent Department and Green Bay and Western Railroad Company regarding assessment of car line taxes. Both parties to this action have filed supplemental briefs interpreting the issues raised by the additional evidence.

This case is now ready for decision; however, the Commission is as capable to assess this new evidence as is the Court, and should be given that opportunity. Pursuant to Wis. Stats. Sec. 227.19(1) this case is remanded to the Commission for redetermination in light of the additional evidence. No further evidentiary proceedings or briefing before the Commission are necessary.

The statute under which the trial court acted, sec. 227.19(1), Stats. (1983–84),[1] provides:

If before the date set for trial, application is made to the circuit court for leave to present additional evidence on the issues in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon such terms as the court may deem proper. The agency may modify its findings and decision by reason of the additional evidence and shall file with the reviewing court the additional

[1]Section 227.19(1), Stats. (1983–84), was renumbered sec. 227.56(1). Sec. 41, 1985 Wis. Act 182.

evidence together with any modified or new findings or decision.

The commission did not file with the court the additional evidence together with any modified or new findings or decision. It did, however, issue an order affirming its prior decision.

It is the court's action, not the commission's response, which determines the nature of the proceedings. The court did not terminate the judicial proceeding on its merits after reviewing the agency's determination under sec. 227.57, Stats. It deferred the exercise of its review until the administrative proceedings were completed under sec. 227.56(1). The commission's order of June 19, 1986 was not a final decision upon remand from the trial court after review under sec. 227.57. It was a modification or reaffirmance of its previous order after consideration of the additional evidence found by the court to be material. No additional petition under sec. 227.53(1)(a) was necessary for Soo Line to obtain judicial review of that order. The fact that it filed and served what it denominated a petition for review did not subject that petition to the filing and service requirements of sec. 227.53(1)(a). Therefore, its failure to comply with the filing and service requirements under sec. 227.53(1)(a) did not deprive the trial court of subject matter jurisdiction to review the commission's order of June 19, 1986. In view of our conclusion we need not resolve the dispute as to the date the petition was filed with the clerk of court.

*By the Court.*—Order reversed.