Thomas J. HEINE, D.C., Petitioner-Respondent-Cross Appellant,†

v.

State of Wisconsin CHIROPRACTIC EXAMINING BOARD, Respondent-Appellant-Cross Respondent.

Court of Appeals

*No. 91-1346. Submitted on briefs December 23, 1991.—Decided February 12, 1992.*

(Also reported in 481 N.W.2d 638.)

† Petition to review denied.

 I 

On behalf of the respondent-appellant-cross respondent, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *William H. Wilker,* assistant attorney general.

On behalf of the petitioner-respondent-cross appellant, the cause was submitted on the briefs of *Colleen M. Fleming* and *Paul R. Erickson* of *Gutglass, Erickson & Bonville, S.C.* of Milwaukee.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J. This is a ch. 227, Stats., review. The Wisconsin Chiropractic Examining Board (board) appeals from a circuit court judgment reversing the board's decision regarding disciplinary action taken against Dr. Thomas Heine, a licensed chiropractor, for one count of unprofessional conduct. The judgment also remanded the matter for rehearing, before a new hearing examiner, on that count and the six dismissed counts. We affirm the judgment but direct modification of it. We remand to the circuit court with directions to remand to the board for the limited purpose of a more detailed explanation of its variance from the sanctions proposed by the hearing examiner.

Dr. Heine cross-appeals, arguing that he was denied due process and that we should reinstate the decision of

189

the original hearing examiner rather than remand for a new hearing. We disagree with the latter contention and, because we are remanding, do not address his due process claim. We therefore dismiss the cross-appeal.

In 1985, a complaint against Dr. Heine was filed with the board. The complaint alleged seven counts of unprofessional conduct. Through negotiation and stipulation, the issues were narrowed. Ultimately, the parties stipulated that six of the seven counts against Dr. Heine would be dismissed and Dr. Heine would stipulate to a finding and conclusion of unprofessional conduct on the remaining count.

The remaining count alleged that, for over a year, Dr. Heine had conducted a consensual sexual relationship with a patient during chiropractic sessions. The patient at issue was fifteen when she began seeing Dr. Heine in a professional capacity. She was sixteen when he allegedly began kissing and hugging her and seventeen or eighteen when they allegedly began having consensual sexual intercourse on a regular basis. The improper conduct was alleged to have occurred during chiropractic sessions. A hearing was scheduled on the sole issue of determining the appropriate sanction.

After Dr. Heine testified to the stipulated facts, the hearing examiner issued a proposed decision recommending a thirty-day license suspension. It also recommended that, post-suspension, a condition be placed on Dr. Heine's license requiring that during examinations or treatment of female patients, a female employee or the patient's spouse or female relative be present.

Two months later, the board voted not to accept the stipulation dismissing Counts II through VII and remanded the matter to the hearing examiner for further

proceedings and consideration.[1] Both parties sought reconsideration of the remand order. After oral arguments, the board voted to accept the findings of fact and conclusions of law set forth in the hearing examiner's proposed decision. The board declined to accept the proposed sanctions, however. Instead, it ordered a one-year suspension and psychological evaluation and therapy, in addition to the hearing examiner's proposed post-suspension condition of supervised treatment of female patients. The board cited the "seriousness of the facts" and various policy concerns as justification for its variance from the hearing examiner's recommendations.

Upon judicial review, the circuit court rejected the board's "generic" explanation for the variance and reversed the board's decision. The court also concluded that, given the board's earlier reluctance to dismiss the other six counts, the harsher sanction may have been based on factors not part of the proceeding. The court then remanded the matter for rehearing before a new hearing examiner, urging that Dr. Heine be prosecuted on all seven counts. The board appeals.

██

Upon appeal from the circuit court's action, this court reviews the agency's findings, conclusions and order independently of and with no deference to the decision of the circuit court. *Davis v. Psychology Examining Bd.*, 146 Wis. 2d 595, 599, 431 N.W.2d 730, 732 (Ct. App. 1988).

██

An agency may designate a hearing examiner to preside over the case. Section 227.46(1), Stats. If a majority of the agency officials who will render the final decision

---

[1]Counts II through VI alleged other instances of sexual contact with female patients during chiropractic sessions. Count VII alleged fraudulent billing.

are not present at the hearing, the examiner must prepare a proposed decision, including findings of fact, conclusions of law, order and opinion, in a form that may be adopted as the final decision in the case. Section 227.46(2). Where the agency's decision is contrary to the recommendation of the hearing examiner, the agency must explain on what evidence it has relied to support its result. *Voight v. Washington Island Ferry Line, Inc.,* 79 Wis. 2d 333, 342, 255 N.W.2d 545, 550 (1977). Even where, as here, the board does not set aside the hearing examiner's findings, it still must give adequate reasons for departing from the proposed order: "If an agency's decision varies *in any respect* from the decision of the hearing examiner, the agency's decision shall include an explanation of the basis for each variance." Section 227.46(2) (emphasis added).

The board's order contains a section entitled "Explanation of Variance." It reads in full:

> The Board having adopted the hearing examiner's proposed findings of fact and conclusions of law, declines to adopt the proposed order, but instead adopts an order which reflects the Board's belief that a moderately long suspension of the Respondent's license should consist of one year.
>
> Further, the Board's decision to impose a one year suspension of the Respondent's license and to impose certain limitations, was based upon the seriousness of the facts in this case, the Board's responsibility to protect the public, the need to deter other licensees from similar behavior, the need to insure the Respondent's complete rehabilitation, and the Board's concurrence with the legal arguments of the complainant's attorney regarding discipline.

We agree that the board's explanation is too generic. An agency may set aside a hearing examiner's proposed

decision only upon clearly indicating its reasons. The policy reasons given for the variance merely recite boilerplate language which could be used in any disciplinary proceeding. Simply stating that the altered sanction was warranted by the "seriousness of the facts" fails to explain what about the single count was serious.[2] We conclude that the board's nonspecific statement does not satisfactorily explain the board's variance from the course of action recommended by the hearing examiner.

Consequently, we agree with the trial court that a remand is necessary. However, we depart from the trial court in two respects. First, the trial court remanded the single count directly to a new hearing examiner. However, the hearing examiner is nothing more than an extension of the board and is without independent authority to act on his or her own. *See* sec. 227.46, Stats.

Second, the trial court strongly suggested that all seven original counts be considered. We point out, however, that the board cannot revisit the dismissed counts because it already accepted the parties' stipulation that those counts would not be considered in imposing disciplinary action. We thus remand to the circuit court with directions to remand to the board solely for the board to explain in detail why it varied from the sanctions recommended by the hearing examiner, keeping in mind that the variance must reflect consideration of only the remaining count.

Dr. Heine raises two issues on his cross-appeal. First, he asserts he was denied due process because the

---

[2]It is important to note that there was then no official prohibition against engaging in sexual intimacies with patients in a chiropractic office. The regulation prohibiting such conduct, Wis. Adm. Code sec. **Chir. 6.02**(7) was promulgated in December 1984, months after the time frame relevant to this charge.

board inadequately explained the variance and improperly considered the dismissed counts. Remanding the matter to the board undermines this argument.[3] We conclude that we need not address it further.

■

Dr. Heine also contends that the proper remedy upon reversing the board's decision is to enforce the original hearing examiner's decision rather than to remand for rehearing before a new examiner. We disagree. Section 227.57(8), Stats., provides that the court

> shall reverse or remand the case to the agency if it finds that the agency's exercise of discretion is outside the range of discretion delegated to the agency by law . . . or is otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.

Moreover, remand to the agency is the remedy when the proceedings are found to have been unfair. Section 227.57(4). We therefore affirm the circuit court's order remanding the matter to the board but modify it by directing that the remand to the board be solely for the board to explain in detail why it varied from the sanctions recommended by the hearing examiner.

---

[3]We disagree with Dr. Heine's contention that a remand would be "meaningless" because the board has been "tainted by its consideration of matters not of record." We presume that on remand the board members, as public officials, will discharge their legal duties in accordance with the law and the authority conferred upon them, and that they will act fairly, impartially, and in good faith. *See State ex rel. Wasilewski v. Board of School Directors,* 14 Wis. 2d 243, 266, 111 N.W.2d 198, 211 (1961), *appeal dismissed and cert. denied,* 370 U.S. 720 (1962).

*By the Court.*—Judgment modified and, as modified, affirmed; cross-appeal dismissed.