Alonzo R. GIMENEZ, M.D., Petitioner-Respondent,†

v.

STATE of Wisconsin MEDICAL EXAMINING BOARD and State of Wisconsin Division of Enforcement, Department of Regulation and Licensing, Respondents-Appellants.

Court of Appeals

*No. 98–1367. Submitted on briefs April 26, 1999.—Decided July 7, 1999.*

(Also reported in 600 N.W.2d 28.)

†Petition to review denied.

On behalf of the respondents-appellants, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Milton Spoehr* of *Spoehr Law Office* of Berlin.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

SNYDER, P.J.   The State of Wisconsin Medical Examining Board and State of Wisconsin Division of Enforcement, Department of Regulation and Licensing (the Board) appeal from a circuit court order reversing the Board's modified decision and order, and dismissing the administrative proceedings against Alonzo R. Gimenez, M.D. The Board contends that the circuit court did not have jurisdiction to review this case because Gimenez failed to serve the Board with his petition for review after the Board issued its modified decision. Separately, the Board argues that the circuit court erred in finding that the Board had not properly supplemented its modified decision pursuant to our ruling in *Gimenez v. Medical Examining Board,* 203 Wis. 2d 349, 552 N.W.2d 863 (Ct. App. 1996). Because we conclude that Gimenez failed to comply with the

service requirements under § 227.53, STATS., we reverse the circuit court's order and therefore need not address the adequacy of the Board's modified decision.

## BACKGROUND

In 1991, the Board initiated a disciplinary proceeding against Gimenez, a general surgeon. In a November 1992 final decision and order, the Board found that he had endangered the health and safety of his patients contrary to § 448.02(3), STATS., and WIS. ADM. CODE § MED 10.02(2)(h). The Board ordered a six-month license suspension, a professional assessment prior to the termination of the suspension and payment of seventy-five percent of the costs of the proceedings. Gimenez filed a petition to review the Board's decision with the circuit court pursuant to § 227.52, STATS. After concluding that the Board's determination was unsupported by the record, the court set aside the decision. The Board then appealed to this court.

In *Gimenez*, we agreed with the circuit court that the Board had failed to adequately document its findings. We then remanded to the circuit court with directions that it further remand the case to the Board to reconsider the allegations against Gimenez in light of the five-prong analysis established in *Gilbert v. Medical Examining Board*, 119 Wis. 2d 168, 349 N.W.2d 68 (1984). *See Gimenez*, 203 Wis. 2d at 355, 360, 552 N.W.2d at 866, 868.

In April 1997, the Board issued a modified final decision and order, finding similar violations as before and reinstating its previous discipline. After filing a petition for review with the circuit court, Gimenez timely served the attorney general. The Board then filed a motion to dismiss because Gimenez had failed to serve it with the petition. Citing *Soo Line Railroad Co.*

314

*v. DOR*, 143 Wis. 2d 874, 422 N.W.2d 900 (Ct. App. 1988), the court denied the Board's motion. In February 1998, the court dismissed the Board's claims against Gimenez, concluding that the Board had not satisfactorily complied with our mandate in *Gimenez*.

The Board renews its jurisdictional argument. We conclude that because § 227.53, STATS., requires service "upon the agency or one of its officials," *see* § 227.53(1)(a)1, and because Gimenez's service upon the attorney general was inadequate to satisfy the service requirements, the circuit court did not acquire jurisdiction to review this case.

## DISCUSSION

■ Our review begins with § 227.53, STATS. Construction of this statute is a question of law which we review without deference to the lower court's decision. *See County of Milwaukee v. LIRC*, 142 Wis. 2d 307, 310, 418 N.W.2d 35, 37 (Ct. App. 1987).

Section 227.53(1), STATS., provides in relevant part:

[A]ny person aggrieved by a decision specified in s. 227.52 shall be entitled to judicial review thereof as provided in this chapter.

(a) 1. Proceedings for review shall be instituted by *serving a petition* therefor personally or by certified mail *upon the agency or one of its officials*, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held . . . .

2. Unless a rehearing is requested under s. 227.49, petitions for review under this paragraph shall be served and filed within 30 days after the service of the decision of the agency upon all parties

under s. 227.48. . . . The 30-day period for serving and filing a petition under this paragraph commences on the day after personal service or mailing of the decision by the agency. [Emphasis added.]

As the Board points out, judicial review under § 227.53 requires that a petitioner (1) file an action and (2) properly serve "the agency or one of its officials" (3) within thirty days.

Here, the agency is the Board. The Board's modified decision prominently stated that the "parties to this matter for purposes of review under sec. 227.53, Wis. Stats." are Gimenez, the Medical Examining Board, and the Division of Enforcement of the Department of Regulation and Licensing. The addresses of the parties were also included. The decision therefore complied with § 227.47(1), STATS., requiring that "[e]very proposed or final decision shall include a list of the names and addresses of all persons who appeared before the agency in the proceeding who are considered parties for purposes of review under s. 227.53." When the Board issued its modified decision, it also sent a Notice of Appeal Information to the parties which provided the following statement:

Serve Petition for Rehearing or Judicial Review on:

## STATE OF WISCONSIN MEDICAL EXAMINING BOARD

1400 East Washington Avenue

P.O. Box 8935

Madison, WI 53708

Despite these instructions, Gimenez did not serve his petition upon the Board. Nonetheless, he contends that serving the attorney general was sufficient because it has represented the Board throughout these proceedings.[1] We disagree.

Once an action has begun, service of papers may be made upon an attorney who has appeared in the action on behalf of a party. *See County of Milwaukee*, 142 Wis. 2d at 313, 418 N.W.2d at 38. An attorney, however, is not authorized by general principles of agency to accept, on behalf of a client, service of process commencing an action. *See id.* In the case of a ch. 227, STATS., petition for review, the filing of the petition triggers the commencement of the action rather than the continuation of it, since the earlier proceedings between the parties were administrative, not judicial.

---

[1] We note that our supreme court recently held that service of a § 32.05(9), STATS., notice of appeal upon the attorney general rather than upon the Wisconsin Department of Transportation (DOT) was sufficient because § 32.05(9) is ambiguous and can reasonably be interpreted as permitting a property owner to serve the State of Wisconsin rather than the DOT. *See DOT v. Peterson*, 226 Wis. 2d 623, 594 N.W.2d 765 (1999). Section 227.53(1), STATS., however, unambiguously provides that a petition for judicial review must be served upon the agency.

*See id.* at 313 n.2, 418 N.W.2d at 38. Therefore, the attorney general's continuing representation of the Board did not authorize it to accept service for the Board.[2]

Relying on *Soo Line,* Gimenez attempts to sidestep the § 227.53(1), STATS., service requirements by asserting that the Board's modified decision was made in the course of an existing judicial proceeding to review a prior order of the Board. We are not persuaded by this argument.

In *Soo Line,* the Department of Revenue (DOR) issued Soo Line a notice of tax deficiency. *See Soo Line,* 143 Wis. 2d at 875, 422 N.W.2d at 901. When Soo Line appealed to the state tax appeals commission, the commission affirmed the DOR and Soo Line petitioned the circuit court for review. *See id.* The court remanded the case to the commission pursuant to § 227.19(1), STATS., 1983–84 (now § 227.56(1), STATS.),[3] in order to consider

---

[2] We recognize that under "special circumstances" an attorney may accept service for his or her client, but these circumstances are limited to actions clearly establishing that the attorney was expressly authorized to act as an agent for his or her client. *See County of Milwaukee v. LIRC,* 142 Wis. 2d 307, 314, 418 N.W.2d 35, 38 (Ct. App. 1987). Gimenez does not make such a claim.

[3] Both § 227.19(1), STATS., 1983–84, and the current statute, § 227.56(1), STATS., provide the following:

> If before the date set for trial, application is made to the circuit court for leave to present additional evidence on the issues in the case, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceedings before the agency, the court may order that the additional evidence be taken before the agency upon such terms as the court may deem proper. The agency may modify its findings and decision by reason of the additional evidence and shall file with the reviewing court the additional evidence together with any modified or new findings or decision.

additional evidence. *See Soo Line*, 143 Wis. 2d at 876, 422 N.W.2d at 901. Upon reconsideration, the commission affirmed its prior decision. *See id.* Soo Line then sought review from the circuit court. It timely served the DOR but not the commission.

On appeal to this court, Soo Line argued that the thirty-day service requirement under § 227.53(1), STATS., was inapplicable. *See Soo Line*, 143 Wis. 2d at 876, 422 N.W.2d at 901. It claimed that because the circuit court had directed the commission to review additional material evidence that was not available at the time of the initial commission proceedings, the commission's subsequent decision and order were part of an existing proceeding to review a prior commission order. *See id.* at 876–78, 422 N.W.2d at 901–02. We agreed, stating that:

> It is the court's action, not the commission's response, which determines the nature of the proceedings. The court did not terminate the judicial proceeding on its merits after reviewing the agency's determination under sec. 227.57, Stats. It deferred the exercise of its review until the administrative proceedings were completed . . . . The commission's [subsequent] order . . . was not a final decision upon remand from the trial court after review under sec. 227.57. It was a modification or reaffirmance of its previous order after consideration of the additional evidence found by the court to be material. No additional petition under sec. 227.53(1)(a) was necessary for Soo Line to obtain judicial review of that order.

*Soo Line*, 143 Wis. 2d at 878, 422 N.W.2d at 902.

Gimenez argues that *Soo Line* is indistinguishable from the present situation. He states that, like the circuit court in *Soo Line*, this court found the Board's

findings inadequate and therefore remanded the matter for additional findings. According to Gimenez, we did not terminate the proceeding on its merits but merely deferred review until the Board had produced a modified decision. These arguments are unavailing.

The *Soo Line* exception to the § 227.53, STATS., service requirements applies only to cases involving § 227.56, STATS., where additional evidence is to be considered. That statute specifically contemplates further proceedings by the circuit court: "The agency may modify its findings and decision by reason of the additional evidence and *shall file with the reviewing court* the additional evidence together with any modified or new findings or decision." Section 227.56(1) (emphasis added). Therefore, once the agency has considered the additional evidence, it is required to pursue a petition for review with the circuit court. The subsequent review is thus a continuation of the initial action.

Here, when we reversed and remanded the action to the Board through the circuit court, we had conducted a complete and final judicial review on the merits. That our review was complete is supported by *Van Domelon v. Industrial Commission*, 212 Wis. 22, 249 N.W. 60 (1933), in which our supreme court held that a judgment of the circuit court vacating an order of the Industrial Commission and remanding the action back to the commission was final. The court determined that

> [s]uch a judgment, whether it affirms or sets aside an order or award of the commission, is the *final determination* which the court is to make in so far as the particular action, in which the judgment is entered, is concerned. . . . If thereafter any person feels aggrieved by a subsequent order or award of the commission in relation to the same application

for compensation, *a new and separate action to review that order or award must be instituted by the person aggrieved.*

*Id.* at 25, 249 N.W. at 60–61 (emphasis added); *see Bearns v. DILHR,* 102 Wis. 2d 70, 76–77, 306 N.W.2d 22, 25–26 (1981).

In remanding the proceedings back to the Board, we looked to § 227.57(4), STATS., which provides that remand to the agency is appropriate when the agency makes a procedural error. *See Gimenez,* 203 Wis. 2d at 360, 552 N.W.2d at 868 (citing *Heine v. Chiropractic Examining Bd.,* 167 Wis. 2d 187, 481 N.W.2d 638 (Ct. App. 1992)). Our remand did not contemplate further proceedings by a reviewing court. In order to obtain review of the Board's modified decision, Gimenez had to file a petition for review pursuant to § 227.53, STATS. Although he did file such a petition, he erred by not following the service requirements.

■ Strict compliance with the § 227.53, STATS., service requirements is essential to the circuit court's subject matter jurisdiction. *See County of Milwaukee,* 142 Wis. 2d at 312, 418 N.W.2d at 38; *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n,* 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978). The failure to serve an agency in a timely fashion is considered "irremediable and deprive[s] the court of jurisdiction." *Gomez v. LIRC,* 153 Wis. 2d 686, 691, 451 N.W.2d 475, 477 (Ct. App. 1989). Because Gimenez's failure to serve the Board deprived the circuit court of jurisdiction, this action must be dismissed. *See id.* at 693, 451 N.W.2d at 478.

We recognize the harshness of the result because it deprives Gimenez of the opportunity for judicial review of the Board's decision. However, the policy reasons

underlying the rules mandating strict compliance with service requirements are clear. As we noted in *Gomez*,

> such rules are necessary "to 'maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending.' "

*Id.* (quoted sources omitted). This rationale applies with equal force to the present case.

*By the Court.*—Order reversed.