STATE of Wisconsin, Plaintiff-Respondent,

v.

Terrence E. GRANT, Defendant-Appellant.

Court of Appeals

*No. 91-1854-CR. Submitted on briefs February 5, 1992.—Decided April 9, 1992.*

(Also reported in 484 N.W.2d 370.)

For the defendant-appellant the cause was submitted on the brief of *Keith A. Findley,* assistant state public defender, Madison.

For the plaintiff-respondent the cause was submitted on the briefs of *Anthony J. Pozorski,* Grant county assistant district attorney, and *James E. Doyle,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.   Terrence Grant appeals from an order requiring him to pay Grant County the costs of his court-appointed private attorney. The trial court entered the order on a post-sentence motion by the prosecutor. Because the attorney's fees are costs taxable against a criminal defendant as part of the sentence, and the order was entered separate from the sentence, we reverse.

On March 12, 1991, Grant was convicted of three counts of misdemeanor bail jumping, secs. 946.49(1)(a) and 969.02(4), Stats. On April 26, 1991, the court sentenced Grant to fifteen days in jail on each count and ordered him to pay $105.62 for witness fees and mileage of witnesses.[1] During the sentencing hearing no mention

---

[1]The order to pay witness fees and mileage was oral. The

was made of fees for Grant's court-appointed private attorney.

On May 3, 1991, the prosecutor moved the court to order Grant to pay his court-appointed attorney's fees. The prosecutor's affidavit supporting the motion recites that on March 4, 1991, the court had found that Grant was not indigent, the attorney would be compensated by the county, and whether Grant would be required to reimburse the county would be determined at a later date. On July 1, 1991, over the objection of his court-appointed attorney, the court ordered Grant to pay $413.25 to the county for representation provided by his attorney.

■

This case involves the construction of statutes. Construction of a statute in reference to a particular set of facts is a question of law. *County of Milwaukee v. LIRC*, 142 Wis. 2d 307, 310, 418 N.W.2d 35, 37 (Ct. App. 1987). We decide such questions without deference to the trial court's decision. *Id.*

■

The defendant contends, and we agree, that costs are taxable against a defendant as part of the sentence. Section 973.06(1), Stats., provides in relevant part: "The costs taxable against the defendant shall consist of the following items and no others: . . . (e) Attorney fees payable to the defense attorney by the county or the state. If the court determines *at the time of sentencing* that the defendant's financial circumstances are changed, the court may adjust the amount. . . ." (Emphasis added.) The plain implication of subsection (e) is that the attorney's fees are taxable as costs as part of the sentence.

judgment of conviction and sentence omits reference to witness fees and mileage.

Section 973.07, Stats., removes any remaining doubt that the costs are part of the sentence. That statute provides in relevant part: "If the [costs] . . . are not paid *as required by the sentence,* the defendant may be committed to the county jail until the [costs] . . . are paid or discharged for a period fixed by the court not to exceed 6 months." (Emphasis added.)

The state argues that sec. 973.20(12)(a), Stats., permits the trial court to modify the sentencing order to include the payment of attorney's fees. That statute provides in relevant part: "If the costs for legal representation by a private attorney appointed under s. 977.08 are not established at the time of issuance of the order [for restitution], the court may revise the order to include those costs at a later time." The statute does not apply. The trial court did not order restitution under sec. 973.20, Stats.

Since the contribution toward Grant's attorney's fees was taxed against him in an order separate from the sentence, the order must be reversed. In view of our disposition, we do not reach Grant's argument that by ordering him to pay costs after he was sentenced, the trial court subjected him to double jeopardy.

*By the Court.*—Order reversed.