STATE of Wisconsin, Plaintiff-Respondent,

v.

John R. EDWARDS, Defendant-Appellant.

Court of Appeals

*No. 2012AP758–CR. Submitted on briefs December 13, 2012.
—Decided March 27, 2013.*

2013 WI App 51

(Also reported in 830 N.W.2d 109.)

526

■■■■■■■

■■■■■

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rick Ramirez* of *Ramirez Law LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sara Lynn Larson*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. John R. Edwards appeals from a judgment of conviction sentencing him to two years of probation for disorderly conduct and a postconviction order confirming that sentence. Edwards was arrested after his girlfriend called and told the police that Edwards had beaten her and then, after she had left the house, called her on the telephone threatening suicide. A jury convicted Edwards of substantial battery and disorderly conduct. On the disorderly conduct charge, the trial court found the offense to be an act of domestic violence and imposed two years of probation. *See* Wis. Stat. § 973.09(2)(a)1.b. (2011–12).[1] Edwards argues that the imposition of an additional year of

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

529

probation under the domestic abuse provision violated his constitutional right to due process because the disorderly conduct was not specifically charged as an act of domestic abuse. Edwards further argues that the court erred in finding this crime to be an act of domestic abuse because, according to Edwards, the disorderly conduct charge was based on his threat to harm himself, not his girlfriend. We reject both arguments and affirm.

## Probation for Acts of Domestic Abuse

¶ 2. WISCONSIN STAT. § 973.09 allows the trial court to place a person convicted of a crime on probation as an alternative to imposing an immediate sentence. Under subparagraph § 973.09(2)(a)1.b., a person convicted of a misdemeanor that was an act of domestic abuse is subject to two years of probation. Domestic abuse is defined in WIS. STAT. § 968.075(1)(a):

(a) "Domestic abuse" means any of the following engaged in by an adult person against . . . an adult with whom the person resides . . .:

1. Intentional infliction of physical pain, physical injury or illness.

. . . .

4. A physical act that may cause the other person reasonably to fear imminent engagement in the conduct described [above].

## Due Process Notice Requirements

¶ 3. "The procedural due process requirements of the Wisconsin Constitution, art. I, sec. 7 and the Sixth Amendment to the United States Constitution guaran-

tee an accused the right to be informed of 'the nature and cause of the accusation.'" *State v. Cheers*, 102 Wis. 2d 367, 403, 306 N.W.2d 676 (1981) (citation omitted). The constitutional sufficiency of the pleadings is gauged by (1) the defendant's ability to determine whether they state an offense to which he or she is able to plead and prepare a defense and (2) whether a conviction or acquittal would bar another prosecution for the same offense. *Id.* at 403–04. Whether the pleadings comported with the constitutional notice requirements is a question of law we review de novo. *State v. Fawcett*, 145 Wis. 2d 244, 250, 426 N.W.2d 91 (Ct. App. 1988).

¶ 4. According to the complaint, Edwards' live-in girlfriend reported that Edwards grabbed her and pushed her onto a hot stove, threw her on the floor and began to strangle her, let her up when she yelled she was losing consciousness, but then knocked her back down and began strangling her again. The complaint relates that the victim left the residence, after which Edwards left six messages on her cell phone, including one in which he told her if she did not come home right away he would kill himself. According to the complaint, the officers who were dispatched pursuant to the girlfriend's call found Edwards in bed with covers pulled up to his neck. Edwards did not respond to commands to show his hands, and the officers pulled off the covers, revealing a large kitchen knife and a cell phone in the bed.

¶ 5. Edwards was charged with strangulation, substantial battery and disorderly conduct. The headings on the three counts were worded as follows: "Count 1: STRANGULATION AND SUFFOCATION, DOMESTIC ABUSE," "Count 2: SUBSTANTIAL BATTERY, DOMESTIC ABUSE," and "Count 3: DISORDERLY CONDUCT." In each of the first two counts, the complaint mentions "domestic abuse" and "invok[es] the provisions of sec. 968.075(1)(a), Wis. Stats., because this

531

charge is an act of domestic abuse, costs upon conviction would include the domestic abuse assessment." The third count, for disorderly conduct, did not contain the phrase "domestic abuse" and did not cite § 968.075(1)(a). The information did not contain any additional information about the specific offenses charged.

¶ 6. The case was tried to a jury, which found Edwards guilty of substantial battery and disorderly conduct. On the substantial battery, the trial court sentenced Edwards to one year and six months in prison with two years of extended supervision. On the disorderly conduct, the court sentenced Edwards to two years of probation. When asked to clarify if the sentence was pursuant to a finding of domestic abuse, the court indicated: "I find domestic, therefore, I could make it a two-year term of probation." When explaining its reasoning for the sentence, the court noted that Edwards was a "sexual assaulter" who "beat up his live-in girlfriend."

■■■

¶ 7. Probation is not a sentence; it is an alternative to sentence. *State v. Horn*, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999). Probation is a privilege, not a right. *Edwards v. State*, 74 Wis. 2d 79, 83, 246 N.W.2d 109 (1976). Unlike with a maximum sentence or a penalty enhancer, there is no statutory requirement that an accused be advised of potential probation terms or conditions. *See* Wis. Stat. § 968.01(2) (complaint must state essential facts constituting the offense charged); Wis. Stat. § 970.02(1) (complaint furnished to defendant at initial appearance must contain possible penalties);[2] *see also* Wis. Stat. § 971.03 (form of information).

---

[2] "[A] sentence is the means by which the court imposes a punishment or penalty provided by statute for the offense upon the person found guilty, as distinguished from probation, under which sentence is either withheld or its execution stayed." *State v. Gibbons*, 71 Wis. 2d 94, 97, 237 N.W.2d 33 (1976).

¶ 8. Our decision is guided by the analysis set forth in *State v. Luu*, 2009 WI App 91, 319 Wis. 2d 778, 769 N.W.2d 125. In *Luu*, the defendant challenged the provisions of the probation statutory scheme which limit the original term of probation to the maximum term of confinement, but permit the court later to extend probation "for cause." *Id.*, ¶ 6; *see* WIS. STAT. § 973.09(3)(a). Luu argued that the statute did not permit extension of probation beyond the maximum term of imprisonment. *Luu*, 319 Wis. 2d 778, ¶ 6. If that were permitted, Luu argued, the statute would violate due process principles by subjecting defendants to potential probation terms of which they were not given notice. *Id.*, ¶ 13. We upheld the statutory scheme permitting unlimited extension of probation:

> The statute does not purport to place any limits on the length of time that probation may be extended. We conclude that the plain language of the statute provides a defendant sufficient notice that he or she will be subject to an original term of probation up to the length of imprisonment he or she faced for the crime committed, and that his or her probation may then be extended "for cause."

*Id.*, ¶ 15.

¶ 9. Here, as in *Luu*, the statute itself provided Edwards sufficient notice of the potential probationary term for acts of domestic abuse. The State did not need to set forth in the information and complaint that it was seeking two years of probation under WIS. STAT. § 973.09(2)(a)1.b. The fact that the State did indicate that it sought a finding of domestic abuse in the first two counts does not create a duty to do so in the third.

¶ 10. Moreover, the information and complaint in this case did not mislead Edwards or provide him with insufficient notice so as to constitute a violation of his right to due process. *Cf. State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 566, 261 N.W.2d 147 (1978) (even designation of wrong statute does not vitiate indictment as long as defendant understood offense charged so as to prepare his defense). The complaint's probable cause account of the incident leading to his arrest is all about his beating his live-in girlfriend, threatening that he would kill himself if she did not come home right away, and then being found in bed with a cell phone and knife. Including "domestic abuse" as magic words in the recitation of the disorderly conduct count was not necessary. *Cf. Nicholas v. State*, 49 Wis. 2d 683, 693, 183 N.W.2d 11 (1971) (no due process violation in lack of additional, specific charge for party to a crime in armed robbery case where complaint and warrant indicated unequivocally that defendant was one of four people who participated). We reject Edwards' contention that the complaint failed to put him on notice that his offenses could be considered acts of domestic abuse by the sentencing court.

*Disorderly Conduct as an Act of Domestic Abuse*

■

¶ 11. Edwards argues that the court erred when it found that the disorderly conduct was an act of domestic abuse because the behavior at issue was only about Edwards threatening to harm himself, not Edwards abusing his live-in girlfriend. Whether Edwards engaged in domestic abuse is a finding of fact for the trial court at the time probation is imposed. We review the

trial court's finding of fact under the clearly erroneous standard. WIS. STAT. § 805.17(2).

¶ 12. The police found Edwards in his bed with the covers pulled over him and a knife beside him. According to Edwards' girlfriend, this was after he had beaten her for nearly an hour, causing various injuries, called her six times and threatened suicide if she did not come home immediately. Clearly, the latter conduct would give rise to fear of imminent harm and is not reasonably construed as presenting a threat to Edwards alone given his pleas/threats to his girlfriend to return home. The trial court found that the disorderly conduct was an act of domestic abuse. Given the testimony of the girlfriend, the finding is far from erroneous. When, as here, the information, complaint and trial testimony all describe a domestic abuse incident, the court may consider these facts. We uphold the trial court's finding. *State v. Wicks*, 168 Wis. 2d 703, 707, 484 N.W.2d 378 (Ct. App. 1992) (within trial court's discretion to determine whether probation is appropriate for offender and then to fashion a term of probation, within statutory limits, best suited to offender's and society's needs).

*By the Court.*—Judgment and order affirmed.

¶ 13. BROWN C.J. (*concurring*). I feel compelled to write separately to explain how I view the issue in this case. I do not believe that John Edwards would disagree with the lead opinion's conclusion that probation is not a sentence. And I think he would agree that the very wording of the statute gives him notice that, for "[a] misdemeanor that was an act of domestic abuse," the term of probation is two years, not one. *See* WIS. STAT. § 973.09(2)(a)1.b. I believe his argument is that, because the complaint did not inform him that the disor-

derly conduct charge would be considered as "an act of domestic abuse," he did not have the notice sufficient to inform him that § 973.09(2)(a)1.b. was in play. I think he is claiming that while the State charged the two felonies as arising out of domestic abuse, the State did not see fit to assert that the disorderly conduct was also an outgrowth of a domestic abuse situation and he went to trial with that understanding. Therefore, the trial court's after-the-trial assessment of his disorderly conduct as being part of the domestic abuse incident violated his due process rights.

¶ 14. If this is his argument, and I think it is, he is wrong. When, after conviction, a trial court is considering whether to apply WIS. STAT. § 973.09(2)(a)1.b., the court does not look to whether the *complaint* charged him with a misdemeanor-domestic abuse; the court looks to the underlying conduct of the incident which gave rise to the conviction. If the defendant was involved in a domestic abuse situation when the misdemeanor occurred, then the defendant is on notice that, if he or she is fortunate enough to be granted probation for the misdemeanor, he or she has exposure to two years of probation, not one. The defendant can certainly argue to the court that the misdemeanor should not be considered as an act of domestic abuse, but the court may nonetheless see it differently. So, bottom line, it is irrelevant whether the State charged Edwards with "disorderly conduct" rather than "disorderly conduct—domestic abuse." The fact is that he was the perpetrator of an ongoing, fluid domestic abuse incident and he therefore should have known that the trial court might consider his disorderly conduct as being part of that incident.