KESSLER, P.J.
*136 ¶1 Traci L. Kollross appeals a non-final order of the circuit court which denied her motion to dismiss a charge of operating while intoxicated (OWI) as a second offense. We reverse and remand the matter for proceedings consistent with this opinion.[1]
*264 *137 BACKGROUND
¶2 On May 28, 2011, Kollross was arrested in the City of West Allis after police were dispatched to the scene of an accident. Officer Todd Clementi suspected that Kollross was intoxicated. A subsequent blood test revealed the presence of oxycodone, cyclobenzaprine, and alprazolam. The May 28, 2011 offense was initially prosecuted in the City of West Allis Municipal Court as an OWI-first offense. Kollross made an initial appearance on July 18, 2011. Following her conviction, Kollross appealed the matter to the Milwaukee County Circuit Court. Because the City of West Allis failed to timely produce its witness for the scheduled court trial, the circuit court dismissed the matter without prejudice on April 17, 2013. The citation was reissued and, following a motion for substitution of the municipal court judge, prosecution was reinitiated in Wauwatosa Municipal Court.
¶3 While the May 28, 2011 OWI-first offense municipal citation was pending, Kollross was arrested for another OWI offense in Washington County on January 26, 2012. The January 26, 2012 offense was charged as an OWI-first offense. Kollross pled guilty in the Washington County matter and was convicted of OWI-first on July 11, 2014. Consequently, the Wauwatosa Municipal Court dismissed the pending OWI-first citation for lack of subject matter jurisdiction.
¶4 On February 5, 2015, the Milwaukee County District Attorney's Office issued a criminal complaint, charging Kollross with an OWI-second offense for the May 28, 2011 incident. Kollross moved to dismiss the complaint, alleging that the three-year statute of limitations for misdemeanor crimes as set forth in *138 WIS. STAT. § 939.74 had passed for the May 28, 2011 incident. The statute provides as relevant:
(1) Except as provided in subs. (2) and (2d) and s. 946.88(1), prosecution for a felony must be commenced within 6 years and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed.
....
(3) In computing the time limited by this section, the time ... during which a prosecution against the actor for the same act was pending shall not be included. A prosecution is pending when a warrant or a summons has been issued, an indictment has been found, or an information has been filed.
The State opposed the motion, arguing that the statute of limitations for the May 28, 2011 offense was tolled while the matter was pending.
¶5 The circuit court denied Kollross's motion stating that WIS. STAT. § 939.74(3) "provides that because she made an appearance in response to [the May 28, 2011] ticket, that in computing the time limit by the statute, that from the date of July 18, 2011, until today, the time limits were tolled." The court further stated:
[A]ll of the time that was spent on this case in the West Allis Municipal Court, and then this case being appealed to Milwaukee County Circuit Court previously, and then the Wauwatosa Municipal Court is, in my estimation, set aside.
It is time that's like it doesn't count .... And as *139 such, I believe that this *265 Court continues to have jurisdiction over this particular case.
....
I will say the ticket [issued for the May 28, 2011 offense] is a summons .... [I]t is my ruling here today that the ticket itself, the OWI citation is, in fact, a summons to come to court, and that it has to be responded to.
And it's as of the filing of that ticket as well as the initial appearance by Ms. Kollross in response to that summons, that being a citation, that's what actually tolls the statute of limitations under Section 939.74(3).
This appeal follows.
DISCUSSION
¶6 On appeal Kollross argues that the circuit court erred in determining that the OWI municipal citation issued on May 28, 2011 tolled the criminal statute of limitations.
¶7 WISCONSIN STAT. § 939.74(1) provides that prosecution of a misdemeanor offense must be commenced within three years of its commission. A court may not exercise personal jurisdiction over a defendant when the relevant criminal statute of limitations has expired. State v. Jennings , 2003 WI 10, ¶15, 259 Wis. 2d 523, 657 N.W.2d 393. To determine whether the statute of limitations expired for Kollross's May 2011 OWI citation, we must examine § 939.74. Interpretation of a statute is a question of law that we review de novo. See West v. Department of Commerce , 230 Wis. 2d 71, 74, 601 N.W.2d 307 (Ct. App. 1999).
¶8 Misdemeanors must be prosecuted within three years of the commission of the act.
*140 WIS. STAT. § 939.74(1). A prosecution is commenced when "a warrant or summons is issued, an indictment is found, or an information is filed." Id. Section 939.74(3) explains tolling a criminal statute: "In computing the time limited by this section, the time ... during which a prosecution against the actor for the same act was pending shall not be included. A prosecution is pending when a warrant or a summons has been issued, an indictment has been found, or an information has been filed."
¶9 We previously analyzed WIS. STAT. § 939.74 in a case factually similar to this case in State v. Faber , Nos. 2010AP2324 and 2010AP2325, unpublished slip op., 2011 WL 1004834 (WI App March 23, 2011).[2] In Faber , two first-offense OWI citations were issued to Faber in late 2005 and early 2006, but neither was ever resolved. Id. , ¶3. Four years later, after Faber had acquired several other OWI charges that were resolved by a forfeiture judgment and criminal convictions, the State brought criminal charges for the 2005 and 2006 incidents. Id. Faber moved to dismiss, arguing the statute of limitations for those offenses had expired. Id. , ¶4. The State responded that the original civil forfeiture actions were still pending, which tolled the statute of limitations under § 939.74(3). Faber , Nos. 2010AP2324 and 2010AP2325, ¶4. We rejected the State's argument, holding that "a municipal traffic citation [wa]s not enough to confer personal jurisdiction in criminal proceedings before a circuit court." See id. , ¶9 (citing State v. Banks , 105 Wis. 2d 32, 40, 313 N.W.2d 67 (1981) ). We noted that the OWI-first offenses were forfeiture actions and were not criminal proceedings.
*141 See Faber , Nos. 2010AP2324 and 2010AP2325, ¶9. We concluded that "the tolling provision of WIS. STAT. § 939.74(3) does not apply to the City's prosecution of Faber's November *266 2005 and February 2006 OWI-first offense ordinance violations because the circuit court did not exercise personal jurisdiction over those citations." Faber , Nos. 2010AP2324 and 2010AP2325, ¶9.
¶10 Here, as in Faber , we "begin by stating the obvious"-criminal charges were not commenced against Kollross until February 5, 2015, more than three years after the May 28, 2011 offense. See id. , ¶9. WISCONSIN STAT. § 939.74 clearly states that prosecutions are both commenced and pending when a warrant or a summons has been issued, an indictment has been found, or an information has been filed. See id. The May 28, 2011 citation was a forfeiture action, which is not a criminal proceeding, see WIS. STAT. §§ 346.65(2)(am)1., 939.12. No warrant or summons was issued, no indictment was found, and no information was filed. Nonetheless, the circuit court equated the municipal ticket with a summons. Municipal offenses have a separate statute of limitations, see § 939.74(1), and are not contemplated in the criminal statute of limitations. The circuit court never obtained personal jurisdiction over Kollross in relation to the 2011 municipal citation. Consequently, the statute of limitations applicable to criminal proceedings was never tolled as to the commencement of OWI criminal proceedings in 2015.
¶11 We acknowledge the State's concern that to rule in Kollross's favor runs contrary to its interest in prosecuting some OWI offenses. However, the State ignores the plain language of the statute of limitations *142 applicable to criminal offenses. The State also ignores the primary purpose of the criminal statute of limitations, which is to protect the accused from having to defend himself or herself against charges for conduct too remote in time. See John v. State , 96 Wis. 2d 183, 194, 291 N.W.2d 502 (1980). A corollary purpose is to ensure that criminal prosecutions are based on recent evidence. Id. Finally, the State ignores the fact that Kollross's municipal action was delayed considerably because the City of West Allis failed to adequately prepare for trial before the circuit court and the City of Wauwatosa did not promptly proceed. Had the matter been resolved in a timely fashion by the multiple municipalities involved, the more serious OWI charges would likely have been resolved by this time.
¶12 We reverse the circuit court's order and remand with directions that the State's prosecution be dismissed with prejudice due to the expiration of the applicable statute of limitations.
By the Court. -Order reversed and cause remanded with directions.

This appeal was converted from a one-judge appeal to a three-judge appeal under Wis. Stat. Rule 809.41(3) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise stated.

See Wis. Stat. Rule 809.23(3)(b) (unpublished authored opinions issued on or after July 1, 2009 may be cited for persuasive value).