**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 6, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP737**

Cir. Ct. No. **2018CV828**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

TOWN OF WATERFORD,

    PLAINTIFF-RESPONDENT,

  V.

CHRISTOPHER PYE,

    DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: TIMOTHY D. BOYLE, Judge. *Order reversed and cause remanded*.

¶1 NEUBAUER, C.J.[1] Christopher Pye appeals from an order equitably tolling the two-year statute of limitations for the offense of an operating

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

a motor vehicle while intoxicated (OWI) (first offense), WIS. STAT. § 346.63(1)(a). Because the two-year statute of limitations had expired, rendering the municipal court without jurisdiction, we reverse the order and remand the cause.

¶2 The parties agree that the material facts are not in dispute. On June 24, 2014, Pye was alleged to be driving a vehicle, while under the influence of an intoxicant, that struck and injured a pedestrian. Sergeant W. Jeschke issued Pye three citations: OWI (first offense) causing injury (State v. Pye), operating with a prohibited alcohol concentration (PAC) (State v. Pye), WIS. STAT. §346.63(1)(b), and the only municipal citation, inattentive driving (Town of Waterford v. Pye).

¶3 The first two citations notified Pye to appear in Racine County Circuit Court to answer for criminal charges that were anticipated to be issued by the district attorney. Those charges were issued in Racine County Circuit Court case Nos. 2014CT727 and 2015CF428.

¶4 On June 13, 2016, the circuit court dismissed the criminal charges on the ground that the charge of OWI (first offense) causing injury required a showing of "substantial bodily harm," and the injury to the pedestrian apparently would not meet that standard. See WIS. STAT. §§ 346.63(6)(d) (2013-14) and 939.22(38) (2013-14).[2]

---

[2] In 2015, the legislature modified WIS. STAT. § 346.63(6)(d) (2013-14), removing "substantial bodily harm" as an element of that crime. 2015 Wis. Act 371, § 4.

¶5 At some point in October 2016, Jeschke learned of the dismissed criminal charges. On November 19, 2016, the Town issued and served three new municipal citations: OWI (first offense), PAC, and reckless driving.

¶6 In municipal court, Pye moved to dismiss the citations on the ground that the two-year statute of limitations had expired. The municipal court dismissed the reckless driving citation, but denied the motion on the other two, agreeing with the Town's argument that the doctrine of equitable tolling applied and extended the deadline. In a bench trial, Pye was convicted.

¶7 Pye appealed to the circuit court and moved for dismissal based on the statute of limitations defense. After briefing and oral argument, the court denied the motion, finding that equitable tolling extended the deadline. The parties entered into a stipulation allowing the conviction of Pye based on the undisputed facts, but preserving Pye's right to appeal on the issue of the statute of limitations. Pye appeals.

¶8 This case involves the interpretation a statute applied to undisputed facts, which is a question of law that we review independently of the circuit court's decision. *State v. Sweat*, 208 Wis. 2d 409, 414-15, 561 N.W.2d 695 (1997).[3]

¶9 The parties agree that the applicable statute of limitations is two years, as set forth in WIS. STAT. § 893.93(2)(b). That statute provides as follows:

> **(2)** The following actions shall be commenced within 2 years after the cause of action accrues or be barred:

---

[3] We note that the appellate record does not contain support for several of the facts, however, the parties agree that no material facts are in dispute and the issue is one of law.

....

> (b) An action to recover a forfeiture or penalty imposed by any bylaw, ordinance or regulation of any town, county, city or village or of any corporation or limited liability company organized under the laws of this state, when no other limitation is prescribed by law.

*Id.*

¶10 The parties also agree that the only statutory basis for tolling of the statute of limitations is commencement of the action, and that did not happen here. *See* WIS. STAT. § 893.13.[4]

¶11 While the Town cites to the general doctrine of equitable tolling to statutory deadlines, it has provided no authority for the notion that this doctrine applies to toll a statute of limitations.[5] We requested supplemental briefing to specifically ask for any authority for the application of "equitable tolling" to a statute of limitations when a municipality brings an action seeking a forfeiture or penalty for violation of a municipal ordinance, and neither party provided any.

¶12 Our research suggests that the expiration of the statute of limitations renders the municipal court without jurisdiction to hear the case. *See State v. Kollross*, 2019 WI App 30, ¶7, 388 Wis. 2d 135, 931 N.W.2d 263 (a court may not

---

[4] The general statute of limitations for criminal actions provides that, when computing the time limited by the statute, the time during which the defendant was prosecuted for the same act is not included. *See* WIS. STAT. § 939.74(3). The statute of limitations for civil forfeitures quoted above contains no similar tolling provision. *See* WIS. STAT. § 893.93. The Town acknowledges that the commencement of the criminal action did not toll the statute of limitation applicable to this municipal action.

[5] The Town points to *State v. Zimbal*, 2017 WI 59, ¶64, 375 Wis. 2d 643, 896 N.W.2d 327 (Roggensack, C.J., concurring) (analyzing defendant's tardy request for substitution of a judge), but no statute of limitation was involved.

exercise personal jurisdiction over a defendant when the relevant criminal statute of limitations has expired); ***State v. Strohman***, No. 2014AP1265-CR, unpublished slip op. ¶6 (WI App. Feb. 3, 2015); ***State v. Faber***, Nos. 2010AP2324-CR and 2010AP2325-CR, unpublished slip op. ¶6 (WI App. Mar. 23, 2011).  Although these cases involve criminal matters, we have been provided with no authority to suggest that the expiration period applicable to the governmental prosecution of a civil forfeiture for violation of a municipal ordinance is treated differently.  No basis has been given to expand the statutorily proscribed jurisdiction of the municipal court with principles of equity.[6]

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] We acknowledge the strong public interest in prosecuting OWI offenses, but we cannot ignore the plain language of the two-year statute of limitations. *See **State v. Kollross***, 2019 WI App 30, ¶11, 388 Wis. 2d 135, 931 N.W.2d 263 (acknowledging the state's interest in prosecuting OWI offenses, but determining that it could not disregard the plain language of the statute of limitations nor the underlying purposes of the statute).