# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 5, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2022AP1202-CR**
**2022AP1203-CR**
**2022AP1204-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2017CT341
2017CM3327
2018CM3479

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

AMAN DEEP SINGH,

    DEFENDANT-APPELLANT.

---

APPEALS from orders of the circuit court for Milwaukee County: JACK L. DAVILA, Judge. *Affirmed in part, reversed in part, and cause remanded with directions*.

¶1 BRASH, C.J.[1] Aman Deep Singh appeals from orders of the circuit court denying multiple motions for various forms of relief. Upon review, we affirm in part, reverse in part, and remand with directions.

## BACKGROUND

¶2 On February 24, 2017, Singh was charged with operating while under the influence of an intoxicant (OWI)–third offense and operating with a prohibited alcohol concentration (PAC)–third offense. According to the complaint, on January 18, 2017, Hales Corners Police were dispatched to the scene of a two-car accident involving Singh and another driver. Upon investigation, police believed that Singh was intoxicated. A subsequent blood test revealed that Singh's blood alcohol content was 0.20. The criminal complaint listed two prior OWI convictions which were used in charging Singh with OWI–third, including an implied consent violation in Illinois in 2001, and an OWI in Dane County in 2005.

¶3 On September 12, 2017, Singh was charged with an OWI–third offense and one count of misdemeanor bail jumping. According to the complaint, Greenfield Police were dispatched to a restaurant in response to an individual allegedly sleeping in a running vehicle. Police found an intoxicated Singh. A subsequent blood test revealed that Singh's blood alcohol concentration was 0.23.

¶4 On October 28, 2018, the State charged Singh with OWI–third offense and two counts of misdemeanor bail jumping. According to the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

complaint, on October 27, 2018, Milwaukee Police were dispatched for a vehicle hazard blocking a lane of traffic. Officers investigated the scene and found a seemingly intoxicated Singh. A subsequent blood test revealed that Singh's blood alcohol content was 0.23.

¶5  As relevant to this appeal, in September 2021, Singh moved to dismiss the charges on the grounds that "current law" prohibited the State from using Singh's 2001 implied consent conviction from Illinois to increase the criminal penalty scheme. Also in 2021, this court decided *State v. Forrett*, 2021 WI App 31, 398 Wis. 2d 371, 961 N.W.2d 132, where we held that the "statutory scheme permitt[ed] the use of his prior refusal to submit to a warrantless blood test after arrest to increase the criminal penalty for a subsequent OWI." *Id.*, ¶1. The circuit court subsequently dismissed the charges without prejudice.

¶6  In April 2022, Singh filed numerous motions in the circuit court, including, as relevant to this appeal, a motion to vacate an order to pay court-appointed attorney's fees and a motion for remedial sanctions. The circuit court denied the motions as to those issues.

¶7  In July of 2022, Singh filed several more motions, including a motion to modify the court's dismissal orders to dismiss with prejudice, a motion to reconsider the denial of Singh's motion to vacate, a motion to reconsider the denial of Singh's motion for remedial sanctions, and an amended motion for remedial sanctions. The court denied the entirety of Singh's motions in a written order on September 29, 2022.

¶8  This appeal follows.

## DISCUSSION

¶9      On appeal Singh contends that the circuit court should have dismissed his case with prejudice, that the circuit court improperly dismissed his motions pertaining to remedial sanctions, and that the circuit court erroneously ordered him to pay defense attorney fees.  We address each issue in turn.

¶10      First, Singh argues that because the applicable statute of limitations precludes further prosecution of his OWI offenses, the circuit court should have dismissed his case with prejudice.  Relying on *State v. Kollross*, 2019 WI App 30, 388 Wis. 2d 135, 931 N.W.2d 263, Singh contends that circuit courts have "statutory authority" to dismiss with prejudice and that "cases dismissed due to an expiration of a statute of limitations are to be with prejudice."  Singh is mistaken.

¶11      The facts of *Kollross* are distinguishable from the matter at bar because the primary issue in *Kollross* was whether the issuance of a *non-criminal municipal citation* served to toll the criminal statute of limitations under the language of WIS. STAT. § 939.74(1).  Singh's pending offenses were *criminal charges* that were in front of the *circuit court*.  Section 939.74 tolls the time limits for the criminal prosecution from the time the criminal complaint is filed.  *See* § 939.74(3).  In addition, the trial court found probable cause for each of Singh's OWI offenses.

¶12      Here, this court's decision in *Forrett* required Singh's criminal cases be dismissed since the State lacked the requisite prior convictions to make Singh's charges misdemeanors.  Contrary to Singh's assertion, our decision does not foreclose the possibility of municipal citations.  To the extent Singh complains about the municipal statute of limitations, he must raise that issue in the municipal

court.  In this case, however, the only statute of limitations at issue is the one for the criminal OWI which was tolled by the filing of the criminal complaints.

¶13    Moreover, as the circuit court stated, *State v. Braunsdorf*, 98 Wis. 2d 569, 297 N.W.2d 808 (1980), held that circuit courts do not possess power to dismiss a criminal case with prejudice prior to the attachment of jeopardy except in the case of a violation of the constitutional right to a speedy trial.  Double jeopardy did not attach here.  *See State v. Poveda*, 166 Wis. 2d 19, 25, 479 N.W.2d 175 (Ct. App. 1991) (explaining the various circumstances in which double jeopardy attaches), nor was there a speedy trial violation.  The circuit court properly dismissed Singh's case without prejudice.

¶14    Singh next contends that he is entitled to remedial sanctions against an Assistant District Attorney, multiple municipalities, municipal officers, and municipal prosecutors.  Singh contends that "the named contemnors" are forcing him to repeatedly "relitigate the same statute of limitations issue that was determined in Singh's favor by the dismissal order[s]" on statue of limitations grounds, and that "[t]his is plainly disobedience, resistance or obstruction" of the circuit court's dismissal order.

¶15    Singh's argument is premised on his mistaken belief that the circuit court dismissed the OWI charges based on the expiration of the applicable statute of limitations.  As explained, the circuit court did not base its dismissal orders on the expiration of *any* statute of limitations.  If Singh seeks to dismiss any municipal citations based upon a statute of limitations defense, he must do so with the municipal court.  Moreover, the record is devoid of any evidence supporting Singh's contention of "disobedience, resistance or obstruction."  Therefore, we

5

conclude that the circuit court did not err in denying Singh's motion for remedial sanctions, or the subsequent motions that raised the same issue.

¶16 Singh next contends that the circuit court's order for defense attorney fees should be vacated. As relevant to this appeal, the Office of the State Public Defender initially appointed Singh counsel. After the circuit court allowed counsel to withdraw, the court appointed successor counsel at the expense of the county and ordered that Singh reimburse the county. The State concedes that Singh was ordered to pay defense attorney's fees pursuant to WIS. STAT. § 973.06(1)(e). The State notes that costs pursuant to the statute are taxable against Singh only as part of a sentence. *See State v. Grant*, 168 Wis. 2d 682, 683, 484 N.W.2d 370 (Ct. App. 1992). Since these cases were dismissed, the circuit court could not use § 973.06(1)(e) to enforce this cost. Although the circuit court rejected Singh's argument on the grounds that he raised it for the first time in a motion for reconsideration, we agree with the State that the circuit court's order regarding payment of defense fees should be reversed and the fees vacated.

¶17 For the foregoing reasons, we affirm in part, and reverse and remand that portion of the circuit court's order requiring Singh to pay defense attorney fees.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

6