COURT OF APPEALS
DECISION
DATED AND FILED

July 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2022AP1270-CR**

Cir. Ct. No.  2014CF220

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JONATHON S. GEIGER,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Barron County:  MAUREEN D. BOYLE, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1      STARK, P.J.  After Jonathon Geiger's probation was revoked, he failed to appear in court for a sentencing after revocation hearing.  The circuit court therefore issued a warrant for Geiger's arrest, and he was ultimately arrested in Arizona and extradited to Wisconsin.  At Geiger's sentencing after revocation

hearing, the State asked the court to order Geiger to pay the costs of extraditing him to Wisconsin, pursuant to WIS. STAT. § 973.06(1)(a) (2021-22).[1] After holding further proceedings to address that issue, the court ordered Geiger to pay the extradition costs.

¶2 Geiger now appeals, arguing that the circuit court lacked authority under WIS. STAT. § 973.06(1)(a) to order him to pay the State's requested extradition costs because they were imposed after his original sentencing hearing. Geiger also argues that the court erred by imposing those costs "in a separate order after both the sentencing and sentencing after revocation hearings." We reject these arguments and affirm.

### BACKGROUND

¶3 In June 2015, Geiger entered a guilty plea to one count of exposing genitals to a child. On September 17, 2015, the circuit court withheld sentence and placed Geiger on probation for three years. Geiger's probation was later revoked, and a sentencing after revocation hearing was scheduled for July 5, 2017. Geiger was released from custody prior to that hearing, however, and he did not appear in court on July 5. The court subsequently issued a bench warrant for Geiger's arrest.

¶4 Geiger was arrested in Arizona in July 2021 and extradited to Wisconsin. His sentencing after revocation hearing took place on September 28, 2021. The circuit court sentenced Geiger to eighteen months of initial

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

confinement followed by two years of extended supervision. During the sentencing after revocation hearing, the court ordered that Geiger's outstanding financial obligations would be reduced to a judgment. The State then asked the court to order Geiger to pay extradition costs of $3,264.40, in addition to his other financial obligations. The court responded that it was not certain whether it could impose the extradition costs. The State then asked for ten days to address that issue, and the court granted the State's request for additional time to do so.

¶5      On October 4, 2021, the circuit court clerk entered a judgment of conviction after revocation from probation. On the same day, the clerk entered a judgment for unpaid fines, forfeitures, and other financial obligations, which reflected that Geiger owed a total of $518.

¶6      Thereafter, on October 20, 2021, the State moved to modify the judgment of conviction after revocation from probation to "include the cost of extraditing [Geiger] from the State of Arizona to Barron County in the amount of $3,264.40." The State cited WIS. STAT. § 973.06(1)(a) as the legal authority for its motion.

¶7      The circuit court held hearings on the State's motion in February and April 2022. At the close of the second hearing, the court concluded that the plain language of WIS. STAT. § 973.06(1)(a) allowed it to impose the State's requested extradition costs. The court therefore granted the State's motion and entered an amended judgment of conviction requiring Geiger to pay those costs. Geiger now appeals.

**DISCUSSION**

¶8     This appeal requires us to interpret and apply WIS. STAT. § 973.06(1)(a). "The interpretation and application of a statute to an undisputed set of facts are questions of law that we review independently." *McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273. When interpreting a statute, our objective "is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the plain language of the statute. *Id.*, ¶45. "If the words chosen for the statute exhibit a 'plain, clear statutory meaning,' without ambiguity, the statute is applied according to the plain meaning of the statutory terms." *State v. Grunke*, 2008 WI 82, ¶22, 311 Wis. 2d 439, 752 N.W.2d 769 (citation omitted).

¶9     WISCONSIN STAT. § 973.06 "details those costs taxable against a defendant and prohibits the imposition of any others." *State v. Amato*, 126 Wis. 2d 212, 215, 376 N.W.2d 75 (Ct. App. 1985). As relevant here, the statute provides that the "costs, fees, and surcharges taxable against [a] defendant" include "[t]he necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country." Sec. 973.06(1)(a).

¶10     This language plainly allows a circuit court to impose costs incurred in connection with a defendant's arrest, including costs associated with transporting the defendant to Wisconsin from another state. In the instant case, the State sought extradition costs associated with Geiger's arrest in Arizona and his

4

subsequent transport to Wisconsin for his sentencing after revocation hearing. We agree with the State that the plain language of WIS. STAT. § 973.06(1)(a) permitted the circuit court to impose those costs.

¶11 Geiger argues that the circuit court lacked authority to impose the State's requested extradition costs because WIS. STAT. § 973.06(1)(a) allows the imposition of only those costs that are incurred in connection with a defendant's *initial* arrest, preliminary hearing, and trial, and the statute does not allow a court to impose costs "incurred after trial and after the initial sentencing hearing." The statute plainly states, however, that a court may impose costs incurred "in connection with the arrest … of the defendant." ***Id.*** The statute does not include any language limiting the costs that may be imposed to those associated with a defendant's initial arrest. Adopting Geiger's interpretation of § 973.06(1)(a) would require us to read the word "initial" into the statute, which the rules of statutory interpretation prohibit us from doing. *See **Dawson v. Town of Jackson***, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316 ("We decline to read into the statute words the legislature did not see fit to write."); ***County of Dane v. LIRC***, 2009 WI 9, ¶33, 315 Wis. 2d 293, 759 N.W.2d 571 ("We will not read into the statute a limitation the plain language does not evidence.").

¶12 Geiger also argues that WIS. STAT. § 973.06(1)(a) cannot be interpreted to permit the imposition of extradition costs associated with a sentencing after revocation hearing because this court has previously held that costs under § 973.06(1)(a) "are taxable against a defendant as part of the sentence" and cannot be imposed "in an order separate from the sentence." *See **State v. Grant***, 168 Wis. 2d 682, 684-85, 484 N.W.2d 370 (Ct. App. 1992). Geiger asserts that "[i]f the costs allowed by statute must be ordered during the sentencing proceeding, as part of the disposition or sentence, they necessarily cannot include

those costs incurred in connection with events after sentencing, such as extraditing a defendant for sentencing after revocation."

¶13 We reject this argument because Geiger was not "sentenced" during his original sentencing hearing in September 2015. Instead, the circuit court withheld sentence and placed Geiger on probation at that time. "Probation is not a sentence; it is an alternative to sentence." *State v. Edwards*, 2013 WI App 51, ¶7, 347 Wis. 2d 526, 830 N.W.2d 109. Under these circumstances, the court properly imposed the extradition costs "as part of [Geiger's] sentence" imposed at the sentencing after revocation hearing. *See Grant*, 168 Wis. 2d at 684.

¶14 Next, Geiger argues that even if this court "consider[s] the sentencing after revocation hearing to be a sentencing proceeding at which costs may be imposed," the circuit court nevertheless erred by imposing the extradition costs in a separate order entered more than six months after the sentencing after revocation hearing. Geiger relies on *Grant* and *State v. Perry*, 215 Wis. 2d 696, 575 N.W.2d 876 (Ct. App. 1997), in support of this proposition. We conclude, however, that both of those cases are materially distinguishable.

¶15 The defendant in *Grant* was sentenced on three counts, and during his sentencing hearing, "no mention was made of fees for Grant's court-appointed private attorney." *Grant*, 168 Wis. 2d at 683-84. After the sentencing hearing, the State moved the circuit court to order Grant to pay those fees, pursuant to WIS. STAT. § 973.06(1)(e). *Grant*, 168 Wis. 2d at 684. The court granted the State's motion, but we reversed that decision on appeal. *Id.* at 684-85. We reasoned that costs under § 973.06(1) "are taxable against a defendant as part of the sentence," and we therefore concluded that the circuit court had erred by imposing costs "in an order separate from [Grant's] sentence." *Grant*, 168 Wis. 2d at 684-85.

¶16 *Grant* is distinguishable because, in that case, the State did not request the relevant costs—i.e., Grant's attorney fees—during the sentencing hearing. In fact, "no mention" of those costs occurred at sentencing. *Id.* at 683-84. Here, in contrast, the State expressly asked the circuit court to impose extradition costs during Geiger's sentencing after revocation hearing and provided the requested amount. After the court indicated that it was not certain whether it could impose those costs, the State asked for additional time to address the issue, and the court granted that request. Thus, unlike the circuit court in *Grant*, the court in this case expressly held open the issue of extradition costs during Geiger's sentencing after revocation hearing. We do not read *Grant* as preventing a circuit court from holding open the issue of costs during a sentencing hearing when the court lacks sufficient information to determine whether it has the authority to order a particular item of costs.

¶17 Moreover, while the *Grant* court stated that the circuit court had erred by taxing the relevant costs against Grant "in an order separate from the sentence," *id.* at 685, the circuit court in this case ordered that Geiger's judgment of conviction be amended to include the State's requested extradition costs. There is no indication that the judgment of conviction in *Grant* was amended to include the relevant costs. We see nothing in *Grant* that expressly prohibits a circuit court from amending a judgment of conviction—i.e., amending a defendant's sentence—to include a particular item of costs after the court has held that issue open during the defendant's sentencing hearing.

¶18 Geiger's reliance on *Perry* is similarly unavailing. During Perry's sentencing hearing, the circuit court ordered him to pay restitution to the victims of his crimes. *Perry*, 215 Wis. 2d at 703. The court directed the State to submit a proposed restitution order and stated that it would enter that order unless Perry

objected to the amount of restitution sought.  *Id.*  The State later submitted a proposed restitution order, which sought both restitution for the victims and extradition costs.  *Id.*  During a subsequent restitution hearing, the State clarified that it was seeking reimbursement for the extradition costs under WIS. STAT. § 973.06(1)(a), not as an item of restitution.  *Perry*, 215 Wis. 2d at 703-04.  The court ultimately entered a restitution order that directed Perry to pay both the State's requested restitution and the extradition costs.  *Id.* at 704.

¶19    On appeal, we agreed with Perry that the circuit court lacked authority to impose the extradition costs "after Perry had been sentenced."  *Id.* at 712.  We rejected the State's argument that the restitution hearing was "a timely continuation of the sentencing hearing," stating there was "no indication in the record of the sentencing hearing that Perry's sentencing was continued for any purpose."  *Id.*  We explained it was "clear" that the restitution hearing was convened "to determine an appropriate amount of restitution, not for the purpose of a continued sentencing hearing."  *Id.* at 713.

¶20    Unlike the situation in *Perry*, the circuit court in this case clearly held open the issue of extradition costs during Geiger's sentencing after revocation hearing.  While there was "no indication" in *Perry* that the sentencing hearing was continued "for any purpose," *see id.* at 712, the court in this case specifically contemplated that additional proceedings would be held to determine whether the court could impose the State's requested extradition costs.  In addition, the circuit court in *Perry* imposed the State's requested extradition costs as part of a separate restitution order, while the court in this case amended Geiger's judgment of conviction to include extradition costs.  Again, we do not read *Perry* as preventing a court from amending a judgment of conviction in this manner.  Consequently, *Perry* does not support Geiger's claim that the circuit court erred by imposing

extradition costs in a separate order following his sentencing after revocation hearing.

¶21     For the reasons explained above, we conclude that the circuit court had authority under WIS. STAT. § 973.06(1)(a) to impose the State's requested extradition costs.  We further conclude that, under the circumstances presented here, the court did not err by holding open the issue of extradition costs during Geiger's sentencing after revocation hearing and imposing those costs at a later date.  We therefore affirm Geiger's amended judgment of conviction and the order requiring him to pay the extradition costs.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.